NOT RECOMMENDED FOR PUBLICATION
File Name: 09a0251n.06
Filed: April 1, 2009

No. 08-5162

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| SHERYL SEWELL, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:    MERRITT, GRIFFIN, and KETHLEDGE, Circuit Judges.

**MERRITT, Circuit Judge.**  In this direct criminal appeal submitted on the briefs, the defendant, Ms. Sewell, a bank employee who pled guilty to one count of embezzling approximately $330,000 from her bank employer, appeals her Guideline sentence of 27 months. The defendant's basic argument on appeal is that she made restitution promptly and that her sentence should be less than someone who had not made restitution at the time of sentencing. She phrases her argument in her brief as follows: "Without a variance in this case, there exists a disparity between Ms. Sewell and other defendants who make no effort to repay, no effort to rehabilitate themselves, no effort to return the victims to wholeness." The defendants adds that "the district court decided not to give Ms. Sewell credit for her aberrant behavior and remorse due to the advantages in life she possessed. The

district court felt that a person should not get a lesser sentence because they had a position of trust and better circumstances when, in fact, Ms. Sewell asked for a lesser sentence based upon her repayment of stolen funds, remorse and self-rehabilitation." (App. brief, p. 12.)

Based upon our review of the facts of the case, the pre-sentence report and the sentencing hearing, we can only conclude that the district court took into account all of the relevant facts concerning both the offense characteristics and the characteristics and circumstances of the offender — facts that were undisputed and admitted. We conclude that the district court was well within its discretion. Counsel for the defendant did not argue at the sentencing hearing for a probationary sentence but rather briefly argued "that we'd asked the court to consider a lesser term of incarceration because the thing that we are arguing is sufficient, but not really necessary, and that 27 months we believe is greater than necessary to teach Ms. Sewell a lesson or to deter other individuals . . . ."

The District Court obviously thought, however, that the two-year sentence was necessary to deter other bank embezzlement offenses and was commensurate with the seriousness of the offense. Although other judges may have given a different sentence, this sentence does not fall outside the range of reason.

Finding no basis or persuasive argument for disturbing the sentence imposed by the district court, accordingly, the judgment of the district court is affirmed.